**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| PRECIOUS CAIN | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:11cv116 |
| | ) | |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC and NAVY FEDERAL CREDIT | ) | |
| UNION | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC**

COMES NOW, Equifax Information Services LLC ("Equifax"), by and through its

counsel and files its answer and defenses to Plaintiffs' Complaint as follows:

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations

contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies

any allegations in the Complaint that have not been otherwise specifically addressed herein,

including any legal conclusions to which a response may be required.  In response to the specific

enumerated paragraphs in the Complaint, Equifax responds as follows:

**ANSWER**

1.      Equifax denies that Plaintiff can state a claim against Equifax under the Fair

Credit Reporting Act, 15 U.S.C. §1681 *et seq.* or any other authority and denies that Plaintiffs

are entitled to the damages and other relief they seek in this action as to Equifax.

2.      To the extent that Plaintiffs can maintain this action, which Equifax denies, it

admits that jurisdiction is proper in this Court.

3.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Equifax admits the allegations in Paragraph 4.

5.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      Equifax admits that Plaintiff contacted Equifax to dispute the Navy Federal Credit Union account on her credit file.

12.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.       Equifax admits that Plaintiff contacted Equifax to dispute the Navy Federal Credit Union account on her credit file.

14.      Equifax admits that it transmitted the dispute through an automated consumer

dispute verification (ACDV) form to the furnisher.  Equifax denies the remaining allegations in

Paragraph 14.

15.     Equifax denies the allegations in Paragraph 15.

16.     Equifax denies the allegations in Paragraph 16 as they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 16.

17.     Equifax denies the allegations in Paragraph 17.

18.     Equifax restates and incorporates its responses to paragraphs 1 – 17 as though

fully set forth herein.

19.     Equifax denies the allegations in Paragraph 19.

20.     Equifax denies the allegations in Paragraph 20.

21.     Equifax denies the allegations in Paragraph 21.

22.     Equifax denies the allegations in Paragraph 22.

23.      Equifax restates and incorporates its responses to paragraphs 1 – 22 as though

fully set forth herein.

24.     Equifax denies the allegations in Paragraph 24.

25.     Equifax denies the allegations in Paragraph 25.

26.     Equifax denies the allegations in Paragraph 26.

27.     Equifax denies the allegations in Paragraph 27.

28.      Equifax restates and incorporates its responses to paragraphs 1 – 27 as though

fully set forth herein.

29.     Equifax denies the allegations in Paragraph 29.

30.     Equifax denies the allegations in Paragraph 30.

31.     Equifax denies the allegations in Paragraph 31

32.     Equifax denies the allegations in Paragraph 32

33.      Equifax restates and incorporates its responses to paragraphs 1 – 32 as though fully set forth herein.

34.     Equifax denies the allegations in Paragraph 34.

35.     Equifax denies the allegations in Paragraph 35.

36.     Equifax denies the allegations in Paragraph 36.

37.     Equifax denies the allegations in Paragraph 37.

38.      Equifax restates and incorporates its responses to paragraphs 1 – 37 as though fully set forth herein.

39.     Equifax denies the allegations in Paragraph 39.

40.     Equifax denies the allegations in Paragraph 40.

41.     Equifax denies the allegations in Paragraph 41.

42.     Equifax denies the allegations in Paragraph 42.

43.     Equifax restates and incorporates its responses to paragraphs 1 – 42 as though fully set forth herein.

44.     Equifax denies the allegations in Paragraph 44 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44.

45.     Equifax denies the allegations in Paragraph 45 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45.

46.     Equifax denies the allegations in Paragraph 46 as they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47.     Equifax denies the allegations in Paragraph 47 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47.

48.     Equifax denies that Plaintiff is entitled to any of the relief set forth in the prayer for relief following Paragraph 47.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

## SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and disputes, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff's damages, if any, are caused by her own acts or omissions, or the acts or omissions of third parties other than Equifax.

## FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

## SIXTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

## SEVENTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

## EIGHTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## NINTH DEFENSE

Equifax denies each and every averment of Plaintiffs' Complaint not specifically admitted in this Answer.

## TENTH DEFENSE

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

ATL_IMANAGE-6952397.1

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs;

(2)     That Equifax be dismissed as a party to this action;

(3)     That this lawsuit be deemed frivolous and Equifax recover from plaintiffs its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 23rd day of March, 2011.

EQUIFAX INFORMATION SERVICES LLC


/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2011, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314


Dated: March 23, 2011


/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com

ATL_IMANAGE-6952397.1