IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| Precious Cain | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11-cv-116 (REP) |
| | ) |
| Equifax Information Services, LLC, *et al*. | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Navy Federal Credit Union ("Navy Federal"), by counsel, and for its Answer and affirmative defenses to the Complaint pending against it in this action, states as follows:

**PRELIMINARY STATEMENT**

1. The allegations of Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Navy Federal denies the allegations of Paragraph 1 of the Complaint.

**JURISDICTION**

2. Navy Federal admits that jurisdiction is proper in this Court. Navy Federal denies that venue is proper in the Richmond Division of this Court as both Navy Federal and the accountholder are located within the Alexandria Division of this Court. Navy Federal denies that it maintains registered offices within the boundaries for the Eastern District of Virginia's Richmond Division.

## PARTIES

3. Upon information and belief, Navy Federal admits Precious Cain is a "natural person." The remaining allegations of Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

4. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. Navy Federal admits that it is a federal credit union doing business in Virginia. The remaining allegations of Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

## STATEMENT OF FACTS

6. Navy Federal admits that on or about February 2007, Plaintiff was added as an authorized user to the Navy Federal credit card account maintained by Denise Kirkley-Cain. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. Navy Federal admits that Plaintiff sought to remove herself as an authorized user on the Navy Federal credit card account maintained by Denise Kirkley-Cain. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Navy Federal admits that on or about February 22, 2010, it removed Plaintiff as an authorized user on the Navy Federal credit card account maintained by Denise Kirkley-Cain. Navy Federal denies the remaining allegations of Paragraph 10 of the Complaint.

11. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint, and therefore denies the same.

15. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. Navy Federal denies the allegations contained in Paragraph 16 of the Complaint.

17. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint, and therefore denies the same.

## COUNT ONE: FIRST CLAIM FOR RELIEF AGAINST EQUIFAX
**(Violation of 15 U.S.C. §1681(e)(b))**

18. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint.

19. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint, since they relate to another defendant, and therefore denies the same.

20. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, since they relate to another defendant, and therefore denies the same.

21. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint, since they relate to another defendant, and therefore denies the same.

22. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint, since they relate to another defendant, and therefore denies the same.

### COUNT TWO: SECOND CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. §1681i (a)(1))

23. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint.

24. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint, since they relate to another defendant, and therefore denies the same.

25. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, since they relate to another defendant, and therefore denies the same.

26. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint, since they relate to another defendant, and therefore denies the same.

27. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint, since they relate to another defendant, and therefore denies the same.

### COUNT THREE: THIRD CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C.§1681i (a)(2))

28. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 27 of the Complaint.

29. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint, since they relate to another defendant, and therefore denies the same.

30. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint, since they relate to another defendant, and therefore denies the same.

31. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint, since they relate to another defendant, and therefore denies the same.

32. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint, since they relate to another defendant, and therefore denies the same.

### COUNT FOUR:  FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. 1681i(a)(4))

33. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint, since they relate to another defendant, and therefore denies the same.

35. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint, since they relate to another defendant, and therefore denies the same.

36. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, since they relate to another defendant, and therefore denies the same.

37. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, since they relate to another defendant, and therefore denies the same.

**COUNT FIVE: FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX**
**(Violation of 15 U.S.C. 1681i(a)(5))**

38. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 37 of the Complaint.

39. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the Complaint, since they relate to another defendant, and therefore denies the same.

40. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint, since they relate to another defendant, and therefore denies the same.

41. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint, since they relate to another defendant, and therefore denies the same.

42. Navy Federal is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint, since they relate to another defendant, and therefore denies the same.

### COUNT SIX: FIRST CLAIM FOR RELIEF AGAINST NFCU
### (Violation of 15 U.S.C. §1681s-2(b))

43. Navy Federal repeats and incorporates by reference its responses to Paragraphs 1 through 42 of the Complaint.

44. Navy Federal denies the allegations of Paragraph 44 of the Complaint and demands strict proof of the same.

45. Navy Federal denies the allegations of Paragraph 45 of the Complaint and demands strict proof of the same.

46. Navy Federal denies the allegations of Paragraph 46 of the Complaint and demands strict proof of the same.

47. Navy Federal denies the allegations of Paragraph 47 of the Complaint and demands strict proof of the same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Preemption/Good Faith Compliance with Statutory Mandates)

Plaintiff may not recover against Navy Federal for the alleged acts and omissions complained of because, at all relevant times, Navy Federal acted in good faith and in full compliance with its statutory obligations under the Fair Credit Reporting Act.

## SECOND AFFIRMATIVE DEFENSE
### (Punitive Damages)

The facts, as alleged in Plaintiff's Complaint are insufficient to support an award of punitive damages, which damages violate Navy Federal's rights, privileges and protections under the Constitution of the United States and the Constitution of the Commonwealth of Virginia.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff has suffered any damages, she may not recover the full measure of any such damages because she has failed to mitigate these damages. Navy Federal informed Plaintiff that the status of the account prior to the date of her removal as authorized user would continue to be reported.

## FOURTH AFFIRMATIVE DEFENSE
### (Responsibility of Others)

Plaintiff's damages, if any, were caused by her own acts or omissions, or the acts or omissions of third parties other than Navy Federal. At all relevant times, Navy Federal accurately reported the status of the subject account.

## FIFTH AFFIRMATIVE DEFENSE
### (Willfulness)

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act.

## **RESERVATION OF RIGHTS**

Navy Federal reserves the right to assert any and all additional defenses as warranted at such time as additional facts and information are adduced through discovery, or otherwise become available.

WHEREFORE, Navy Federal Credit Union demands that the Court enter judgment in its favor and against the Plaintiff on all Counts; and for such other relief as the Court deems just and proper.

Dated:   March 28, 2011                                  Respectfully submitted:

                                                                              NAVY FEDERAL CREDIT UNION


                                                                               /s/ Amy S. Owen
                                                                              Amy S. Owen (VSB No. 27692)
                                                                              Kristin A. Zech (VSB No. 68826)
                                                                              COCHRAN & OWEN, LLC
                                                                              8000 Towers Crescent Drive, Suite 160
                                                                              Vienna, Virginia  22182
                                                                              (703) 847-4480 (telephone)
                                                                              (703) 847-4499 (facsimile)
                                                                              aowen@cochranowen.com
                                                                              kzech@cochranowen.com
                                                                              *Counsel for Defendant Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I, Amy S. Owen, hereby certify that on March 28, 2011, copies of the foregoing Defendant Navy Federal Credit Union's Answer and Affirmative Defenses to Plaintiff's Complaint were served via the Court's electronic case filing service on counsel of record below who are registered to receive ECF service:

Matthew J. Erausquin (VSB No. 65434)
CONSUMER LITIGATION ASSOCIATES
1800 Diagonal Road; Suite 600
Alexandria, VA 22314
(703) 273-7770 (telephone)
(888) 892-3512 (facsimile)
matt@clalegal.com
*Counsel for Plaintiff*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
(804) 355-8744
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

    /s/ Amy S. Owen
    Amy S. Owen