**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| Precious Cain | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11-cv-116 (REP) |
| | ) |
| Equifax Information Services, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**NAVY FEDERAL CREDIT UNION'S MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER TO ALEXANDRIA DIVISION**

Plaintiff's decision to file this action in the Eastern District of Virginia, Richmond Division (hereinafter the "Richmond Division") can only be explained as forum shopping. Navy Federal Credit Union's ("Navy Federal") motion for a transfer of this action to the Eastern District of Virginia, Alexandria Division (hereinafter the "Alexandria Division") should be granted as the Richmond Division has no relationship to Plaintiff's claim and a transfer would serve the convenience of the parties and relevant witnesses, as well as the interests of justice.

### STATEMENT OF FACTS

Plaintiff Precious Cain asserts claims for violation of the Fair Credit Reporting Act ("FCRA") arising from her status as an authorized user on a Navy Federal credit card account held by Denise Kirkley-Cain ("Account"). Plaintiff, a Navy Federal member, has listed her address with Navy Federal as 14006 Freda Place, Woodbridge, Virginia 22193, which is located within the Eastern District of Virginia, Alexandria Division.

Navy Federal is a federally chartered credit union with its headquarters in Vienna, Virginia, which lies within the boundaries of the Alexandria Division of the Eastern District of

Virginia.  Defendant Equifax Information Solutions, LLC, is headquartered in Atlanta, Georgia.

Plaintiff does not allege that any action took place within the Richmond Division.

## ARGUMENT

Title 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  Accordingly, to support a motion to transfer, the movant

must demonstrate that the transferee district is one in which the action could have been brought

and that the transfer will, on balance, serve the convenience of the parties and witnesses, as well

as the interests of justice.  *See, e.g.*, Williams v. Equity Holding Corp., 2007 U.S.Dist. LEXIS

29795 (E.D.Va. Feb. 9, 2007); GTE Wireless, Inc. v. Qualcomm, Inc., 71 F.Supp.2d 517, 518-19

(E.D.Va. 1999); Affinity Memory & Micro, Inc. v. K&Q Enter., Inc., 20 F.Supp.2d 948, 954

(E.D.Va. 1998); Versol B. V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D.Va. 1992).  All

of the relevant factors strongly favor transfer of this action to the Alexandria Division.  Here,

there is no relationship between the Richmond Division and Plaintiff's cause of action, nor is this

Division the home division of any of the parties.  Moreover, the witnesses and the evidence

relevant to Plaintiff's claims are not located in the Richmond Division.  For these reasons,

transfer of this case to the Alexandria Division is warranted.

## I.        Plaintiff Could Have Brought This Action in the Alexandria Division

Plaintiff alleges that the Defendants violated FCRA.  Compl., ¶ 1.  In a civil action based

on a federal law, a suit may be brought in any "(1) a judicial district where any defendant resides,

if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

there is no district in which the action may otherwise be brought."   28 U.S.C. § 1391.  Local

Civil Rule 3(C) for the United States District Court for the Eastern District of Virginia states that

"[t]he venue rules stated in 28 U.S.C. § 1391 *et seq.* also shall apply to determine the proper

division in which an action shall be filed.  For the purpose of determining the proper division in

which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the

terms 'judicial district' and 'district' were replaced with the term 'division'."  *See also* Williams,

2007 U.S.Dist. LEXIS 29795 at 3-4.

Here, Plaintiff omits any allegation in the Complaint regarding Navy Federal's residency

and simply states that it "is a federal credit union doing business in Virginia."  Compl., ¶ 5.

However, Navy Federal's headquarters, where all documents relating to the matter are

maintained, is located in Vienna, Virginia, which lies within the boundaries of the Alexandria

Division.  Therefore, Plaintiffs could have filed their complaint in the Alexandria Division.  *See*

28 U.S.C. § 1391.

**II.   It Would Be More Convenient to Both the Parties and the Witnesses to Resolve this
       Controversy in the Alexandria Division**

The Richmond Division has no connection to Plaintiff's cause of action and is not home

to any party in this case.  The witnesses and documents that are relevant to this matter are located

*outside* this Division, largely within the Alexandria Division.  All of these reasons mandate

transferring this case to the Eastern District of Virginia, Alexandria Division.

In Finkel v. Subaru of America, Inc., plaintiff, a resident of Arlington, Virginia, brought a

consumer protection suit against a New Jersey corporation doing business in both Virginia and

Maryland.  Finkel v. Subaru of Am., Inc., 2006 U.S.Dist. LEXIS 69064 at 2-3 (E.D.Va. Sept. 26,

2006).   The defendant filed a motion to transfer the case from this Court to the United States

- 3 -

District Court for the District of Maryland, asserting that it intended to call individuals who "will have to travel approximately 130 miles from Kensington, Maryland to Richmond, Virginia." Id. at 4.  The Court granted the motion and held that "[a]lthough a plaintiff's choice of forum is typically entitled to "substantial weight," this choice is accorded less weight where the plaintiff's choice of forum is neither "the nucleus of operative facts, nor the plaintiff's home forum." Id. at 10 (quoting Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp., 227 F. Supp. 2d 581, 583 (E.D.Va. 2002)).

Here, the parties (with the exception of Equifax, a foreign corporation) are located within the boundaries of the transferee court and pertinent documents are presumed to be at Navy Federal's headquarters in Vienna and with Plaintiff, in Woodbridge.  "The Richmond Division, therefore, can hardly be characterized as the "nucleus of operative facts. . ." Id. at 11. Additionally, the location of documents and witnesses are "considerably closer to the proposed transferee forum than they are this court.  As such, "convenience of the parties" favors transferring this matter" to the Eastern District of Virginia, Alexandria Division.  Id.

### A.    This Division bears no connection to Plaintiff's lawsuit.

The Richmond Division is not the home forum of any party to this suit.  The alleged events giving rise to Plaintiff's action occurred, at least in part, within the Alexandria Division.[1] As previously discussed, Plaintiff resides within the Alexandria Division and Navy Federal's headquarters is located in Vienna, in the Alexandria Division.  Interestingly, although Plaintiff's counsel is located in Alexandria, Virginia – clearly within the Alexandria Division – Plaintiff has nevertheless chosen to file her Complaint in the Richmond Division.  Thus, Plaintiff's choice of venue is "of little moment" because the Richmond Division is "neither plaintiff's nor defendants'

---

[1] As noted above, co-Defendant Equifax is a foreign corporation headquartered in Atlanta, Georgia.

home forum." Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc., 83 F.Supp.2d 689, 696 (E.D.Va. 2000);  accord GTE Wireless, 71 F.Supp.2d at 519 ("When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to . . . substantial weight.").

Plaintiff has demonstrated no presence to justify maintaining this action here and the events giving rise to this case bear no relation to the Richmond Division.

**B.    The convenience of the parties and witnesses favors transferring this case to the Eastern District of Virginia, Alexandria Division.**

The conduct allegedly giving rise to Plaintiff's cause of action involves, in part, Navy Federal's response to Plaintiff's claimed credit reporting challenges.  None of the relevant events took place in this Division and no relevant witnesses reside here. By contrast, a substantial number of the witnesses and documents relevant to Plaintiff's claims are located in the Alexandria Division, as Navy Federal witnesses involving this action would be located at the Navy Federal's headquarters in Vienna, Virginia.

In Verosol B.V. v. Hunter Douglas, Inc., the plaintiff brought a claim alleging breach of contract.  Verosol, 806 F.Supp. at 585.  This Court held that transfer to the District of New Jersey was appropriate where all of the witnesses expected to testify about the termination of the contract "reside[d] in New Jersey or its environs."  Id. at 593-94.  The Court explained that plaintiffs, a Netherlands and a Pennsylvania corporation, respectively, would not suffer an increased burden if the trial were in New Jersey, and held that, "[u]nder these circumstances, the convenience of the parties and witnesses points strongly to [a transfer]."  Id. at 593.

Transfer of this case to the Alexandria Division would not result in increased inconvenience to Plaintiff.  On the contrary, as Plaintiff and her counsel are located within the

boundaries of the Alexandria Division, transferring this case will not increase Plaintiff's burden, but should instead lessen it.  Further, given Equifax's location in Georgia, there is no substantive difference in defending this case in the Alexandria, as opposed to the Richmond, Division.

Where, as here, the transferee court would be more convenient to one party, while the other parties would not "incur any greater burden" in trying the case in the transferee district, "the convenience of the parties and witnesses points strongly" to transfer, and the case should be transferred.  *See* Id. at 593.

### III.    The Interests of Justice Strongly Favor Transferring this Case to the Alexandria Division

A transfer to the Alexandria Division will best serve the interests of justice.  All of the factors in evaluating the interests of justice, including access to proof, the availability of compulsory process, the cost to the parties, the interest in having local controversies decided at home and the maintenance of sound judicial administration and conservation of judicial resources, weigh strongly in favor of transfer.  *See* Verosol, 806 F. Supp. at 592.

As previously stated, fact witnesses and documentation are largely located within the subpoena power of the Alexandria Division.  Conversely, Navy Federal is not aware of a single witness within the subpoena power of the Richmond Division.

The increased costs for Navy Federal to litigate this action in Richmond are significant. As previously stated, all of Navy Federal's employees and documents relevant to this matter are located in or near Northern Virginia.  The Richmond courthouse is a considerable distance by comparison.  A trial or other evidentiary hearing in Richmond will greatly increase Navy Federal's expenses for travel and lodging for its witnesses.  Conversely, a transfer will add no additional costs to Plaintiff, and, indeed, is likely to significantly decrease expenses.

## CONCLUSION

Navy Federal has demonstrated that the factors for a transfer under 1404(a) and the interests of justice weigh strongly in favor of a transfer to the Alexandria Division.  Accordingly, Navy Federal respectfully requests that this action be transferred and that it be allowed to litigate this action in the Alexandria Division.

Dated:   March 28, 2011                    Respectfully submitted:

                                           NAVY FEDERAL CREDIT UNION


                                           _/s/ Kristin A. Zech_____
                                           Amy S. Owen (VSB No. 27692)
                                           Kristin A. Zech (VSB No. 68826)
                                           COCHRAN & OWEN, LLC
                                           8000 Towers Crescent Drive, Suite 160
                                           Vienna, Virginia  22182
                                           (703) 847-4480 (telephone)
                                           (703) 847-4499 (facsimile)
                                           aowen@cochranowen.com
                                           kzech@cochranowen.com
                                           *Counsel for Defendant Navy Federal Credit Union.*

## CERTIFICATE OF SERVICE

I, Kristin A. Zech, hereby certify that on March 28, 2011, copies of the foregoing
Defendant Navy Federal Credit Union's Memorandum of Law in Support of Motion to Transfer
to Alexandria Division were served via the Court's electronic case filing service on counsel of
record below who are registered to receive ECF service:


Matthew J. Erausquin (VSB No. 65434)
CONSUMER LITIGATION ASSOCIATES
1800 Diagonal Road; Suite 600
Alexandria, VA 22314
(703) 273-7770 (telephone)
(888) 892-3512 (facsimile)
matt@clalegal.com
*Counsel for Plaintiff*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
(804) 355-8744
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*


                                                    /s/ Kristin A. Zech
                                                   Kristin A. Zech